USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
MANUELA MEDINA,                   :
                                  :
                    Plaintiff,    :
                                  :   16 Civ. 4107 (HBP)
     -against-                    :
                                  :   OPINION
ALMAR SALES CO., INC., et al.,    :   AND ORDER
                                  :
                    Defendants.   :
                                  :
----------------------------------X

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 23). The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff formerly worked for defendants and seeks, by this action, to recover allegedly unpaid overtime premium pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq. Plaintiff also asserts claims based on defendants' alleged failure to provide wage statements and notices as required by the NYLL.

Plaintiff alleges that she was employed to clean defendants' office space from 2008 to approximately May 2, 2016. Plaintiff claims that she worked nine and one-half hours per day,

five days a week for a weekly salary of $400.00 and was not paid any overtime premium pay. Accordingly, she initially claimed that she is owed $95,340.75 in unpaid overtime premium pay, liquidated damages, statutory damages and attorneys' fees.

Defendants deny plaintiff's allegations. They contend that plaintiff did not work any overtime. In support of their argument, defendants offer records that purport to show the number of hours plaintiff actually worked. They also argue that the parties had an oral agreement that plaintiff's salary covered all hours worked. In recognition of the potential accuracy of defendants' records, plaintiff has reduced her demand to $26,852.63 in unpaid overtime premium pay, liquidated damages, statutory damages and attorneys' fees.

I held a lengthy settlement conference on December 8, 2016 that was attended by the parties and their counsel. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for a total settlement of $22,500.00. The parties have also agreed that $550.00 of the settlement amount will be allocated to reimburse plaintiff's counsel for their out-of-pocket costs, $7,500.00 (or approximately 34%) of the remaining $21,950.00 will be paid to plaintiff's counsel and the balance will be paid to plaintiff.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54. The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys. Based upon their pre-conference submissions and their performance at the settlement conference, it is clear to me that all parties are represented by counsel who are extremely knowledgeable regarding all issues in the case and

who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, after deduction of attorneys' fees and costs, the net settlement represents approximately 54% of plaintiff's total damages. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Only preliminary discovery has taken place so far. If the case were to proceed, addi-

tional discovery would be needed, including depositions. Settlement avoids the necessity of conducting this discovery.

Third, the settlement will enable plaintiff to avoid the risks of litigation. As noted above, defendants kept records of the hours plaintiff worked. Plaintiff, therefore, faces the risk that a fact finder may credit defendants' documentary evidence. Thus, whether she would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted; assessing fairness of class action settlement)).

Fourth, because I presided over the settlement conference that preceded the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached after a mediation before the Court, further negating the possibility of fraud or collusion.

The settlement agreement also contains a release. It provides that plaintiff releases

> any and all charges, complaints, claims . . . and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against any of the Defendants and the other persons and/or entities released, but only insofar [as] those matters relating to, or in connection with her pay, her rates of pay, overtime, minimum wage, wage violations, paid time off, vacation days, sick days, tip credit violations, spread of hours, recordkeeping violations, any type of wage and hour claims, and/or any claims of retaliation for having brought or raised

6

> any of the foregoing claims, as well as any related attorneys' fees and/or costs incurred in the prosecution of the wage and hour claims and/or the prosecution of the Action . . . .

(Letter from William Cafaro, Esq., to the undersigned, dated Jan. 30, 2017 (D.I. 23) ("Cafaro Letter"), Ex. 1 § 4(a)).[1] Because this release does not extend beyond wage-and-hour issues or the claims at issue in this action, it is permissible. Ocasio v. Big Apple Sanitation, Inc., No. 13 CV 04758 (CBA)(LB), 2016 WL 5376241 at *2 (E.D.N.Y. Mar. 16, 2016) (Report & Recommendation), adopted by, 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016); Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.).

However, the settlement agreement bars plaintiff from ever working, or applying to work, for defendants (Cafaro Letter, Ex. 1 § 6). A provision limiting plaintiff's employment opportunities is not permitted. Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.). Such a provision is in direct conflict with the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between

---

[1] The release does not include claims plaintiff "has, may have had or may have against any of the Defendants connected to or arising from her employment relationship with the Defendants," other than those claims listed above (Cafaro Letter, Ex. 1 § 4(b)).

7

employers and employees." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). This clause, therefore, is hereby stricken.[2]

Finally, the settlement agreement provides that, after deduction of out-of-pocket costs, approximately 34% of the total settlement amount will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.)

---

[2]My striking this language does not void the settlement agreement because the agreement provides that

> [i]f any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable to any extent, the validity of the remaining parts, terms or provision[s] of this Agreement shall not be affected thereby, and such illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement . . . .

(Cafaro Letter, Ex. 1 § 11). Therefore, the re-employment provision can be stricken without affecting the validity of the remaining provisions. See Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

8

and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.). In this case, there is a negligible difference between 33.33% of the settlement fund and 34% of the fund and, therefore, the contingency fee is reasonable.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter, without the re-employment provision. In light of the settlement, the action is dismissed with prejudice and without costs. The Court shall retain jurisdiction to enforce the settlement agreement. See Hendrickson v. United

States, 791 F.3d 354, 358 (2d Cir. 2015). The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
August 10, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record